```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL SHUB,                                  :
                                                    06 Civ. 8324 (WCC)
                Plaintiff,      :
                                                      ECF CASE
                                :

    - against -                 :          OPINION
                                           AND ORDER
WESTCHESTER COMMUNITY COLLEGE;  :
COUNTY OF WESTCHESTER; and
JOSEPH N. HANKIN, individually, :

                Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        LOVETT & GOULD
        **Attorneys for Plaintiff**
        222 Bloomingdale Road, Suite 305
        White Plains, New York 10605

KIM PATRICIA BERG, ESQ.

    Of Counsel

        EPSTEIN, BECKER & GREEN, P.C.
        **Attorneys for Defendants**
        One Landmark Square
        Stamford, Connecticut 06901

DAVID SETH POPPICK, ESQ.

    Of Counsel

        **Copies E-mailed to Counsel of Record_____**

**CONNER, Senior D.J.:**

Plaintiff, Michael Shub, brings suit against Joseph N. Hankin ("Hankin"), President of Westchester Community College ("WCC"), in his individual capacity, WCC and the County of Westchester (the "County"), alleging First Amendment retaliation and violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. He also alleges that he was retaliated against for having filed a Charge of Discrimination under the ADEA with the Equal Employment Opportunity Commission ("EEOC"). Defendants moved for summary judgment of all claims. In an Opinion dated April 7, 2008 (the "Opinion") we granted defendants' motion in part and denied it in part. Defendants now move this Court to reconsider that part of our decision denying their motion for summary judgment. For the following reasons, defendants' motion is denied.

### BACKGROUND

The facts of this case are laid out at length in our Opinion, familiarity with which is presumed. We briefly summarize the facts relevant to this motion.

Plaintiff was hired by WCC in 1970 and worked in the Mathematics Department as an Assistant and later Associate Professor. He left that position in August 1999. During his time at WCC, plaintiff was an active member of the teachers' union and was outspoken about various issues. In 1989 and again in 1994 plaintiff was charged with conduct unbecoming a member of the staff. Plaintiff claimed that both charges were preferred in retaliation for his earlier First Amendment activities. The parties entered into a Settlement in 1999, in which WCC agreed to withdraw the 1994 charges against plaintiff in exchange for plaintiff's resignation from WCC on or before August 31,

1999.

In November 1999, plaintiff applied to teach as an Adjunct at WCC for the Spring 2000 semester. Hankin replied that his request could not be honored because his retirement was a term of the Settlement. The union thereafter filed a grievance on plaintiff's behalf and an arbitrator sustained the union's grievance, determining that plaintiff qualified as a retiree under the CBA and was entitled to be considered for a position. As a result WCC assigned courses to plaintiff as an Adjunct beginning in the Fall 2002 semester and plaintiff was put on a priority list for future Adjunct assignments, pursuant to the CBA, because of his retiree status. Plaintiff taught statistics as an Adjunct during the Fall 2003 semester and the Spring and Fall 2004 semesters but did not teach for the Fall, Spring and Summer 2005 semesters.

During the early part of the Spring 2006 semester WCC was in need of an Adjunct to teach statistics because the professor teaching the class took an unexpected leave of absence. Plaintiff, Peter Mucci ("Mucci") and one other person applied to teach the two statistics classes. At this time Mucci was thirty-seven years old and plaintiff was sixty-two years old. Louis Rotando ("Rotando"), Chairman of the Mathematics Department and Raymond Mignogna ("Mignogna"), Associate Dean for the Division of Mathematics, thought that since plaintiff had not taught for three consecutive semesters in 2005 he was not automatically entitled to teach the courses based on priority. Rotando hired Mucci.

The professor who left in the Spring returned to teach the statistics course during the Fall 2006. Plaintiff applied to teach as an Adjunct for the Fall 2006 and Spring, Summer and Fall 2007 semesters but was not hired for any of these semesters. Rotando testified that it was his decision not to hire plaintiff for these semesters and he made that determination because there was a "suit pending

against [WCC] and [he] just didn't know how to proceed after that." Mignogna also testified that he saw plaintiff's requests to teach and instructed Sean Simpson, Assistant Chair and Adjunct Coordinator for the WCC Mathematics Department, not to respond because he was unsure of the status of the grievance and the lawsuit and he knew there was "another action of some sort." Plaintiff had since filed EEOC charges and this action.

The union lodged a grievance on plaintiff's behalf against WCC in March 2006 as a result of the decision to hire Mucci instead of him. Plaintiff filed a claim of age discrimination against WCC with the EEOC in June 2006, and requested a right-to-sue letter from the EEOC in July 2006.

Plaintiff commenced this action on October 12, 2006, alleging that he was denied an Adjunct position in February 2006 in retaliation for his First Amendment activities and he was discriminated against by reason of his age. He also alleged that his application to teach as an Adjunct during the Fall 2006 semester was rejected in retaliation for having filed the age discrimination charges with the EEOC. Defendants moved for summary judgment as to all of these claims. We granted summary judgment as to the First Amendment retaliation and age discrimination claims. However, we denied summary judgment as to plaintiff's ADEA retaliation claim because plaintiff submitted evidence that defendants' legitimate explanation was not the only reason plaintiff was not hired; this evidence created a material issue of fact as to whether plaintiff's EEOC charge was a motivating factor in defendants' decision. Defendants bring this motion for reconsideration of our determination regarding the ADEA retaliation claim.

# DISCUSSION

## I. Standard of Review

A motion for reconsideration or re-argument may be granted only if the court has overlooked "'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" *Greenwald v. Orb Commc'ns & Mktg., Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)); *see also* S.D.N.Y. LOCAL CIV. R. 6.3. Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York. *See Ades v. Deloitte & Touche*, 843 F. Supp. 888, 892 (S.D.N.Y. 1994). Local Rule 6.3 should "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Brown v. Barnhart*, 2005 WL 1423241, at *1 (S.D.N.Y. June 16, 2005) ("Accordingly, the moving party may not advance new facts, issues or arguments not previously presented to the Court.") (internal quotation marks and citation omitted). "Whether to grant or deny a motion for reconsideration or reargument is in the sound discretion of a district court judge." *Greenwald*, 2003 WL 660844, at *1 (internal quotation marks and citation omitted).

## II. Analysis

### A. The Court Did Not Overlook Any Facts Put Before It

Defendants first argue that this Court should reconsider its earlier Opinion because we overlooked facts that demonstrate that Rotando was not aware of the EEOC charge plaintiff filed when he decided not to hire plaintiff for the Fall 2006 semester. (Defs. Mem. Supp. Mot. Recons. at 3.) Therefore, defendants argue that because Rotando was not aware of the protected activity plaintiff can not establish a *prima facie* case of retaliation. (*Id*. at 3-4.) Defendants explain that when Rotando was referring to the word "suit" during his deposition testimony, *see* 4/7/08 Opinion at 46, he was referring to the grievance the union filed on behalf of plaintiff on March 16, 2006, and not the EEOC charge. (Defs. Mem. Supp. Mot. Recons. at 4.) In support of this explanation, defendants cite Rotando's deposition testimony that he did not recall learning about the EEOC charges and did not remember seeing the actual filed charges before the date of the deposition. (*Id*. at 5-6 & Ex. B.) However, this testimony was not before the Court when we decided the motion for summary judgment, therefore we could not have "overlooked" it. As defendants do not offer any other "facts" that we "overlooked" in finding that there was a material issue of fact as to whether defendants acted in retaliation for plaintiff having filed the EEOC charge, and in fact attempt to advance new facts, it is inappropriate to reconsider our earlier decision.[1] *See Shrader*, 70 F.3d at 257.

---

[1] Defendants also argue that Rotando offered a legitimate business decision for not hiring plaintiff for the Fall 2006 semester, and therefore plaintiff must show the reason was pretextual. (Defs. Mem. Supp. Mot. Recons. at 6-7.) However, in our previous Opinion, we addressed this identical argument based on the identical facts. *See* 4/7/08 Opinion at 48.

B.  **The Court Did Not Overlook Controlling Law and Defendants' Disagreement With Our Opinion is Not Grounds for Reconsideration**

Defendants next argue for reconsideration of our Opinion because they disagree with our ruling that *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) is inapposite and our application of *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002). (Defs. Mem. Supp. Mot. Recons. at 7.) Defendants cite *Williams v. New York City Housing Authority*, 458 F.3d 67 (2d Cir. 2006) to support their argument that plaintiff was required to exhaust administrative remedies before bringing the retaliation claim. (Defs. Mem. Supp. Mot. Recons. at 7-8.)

Defendants assert that *Williams* held that the central question on the issue of administrative exhaustion is whether the EEOC complaint gave the agency adequate notice to investigate discrimination of the type alleged in the civil complaint. (*Id*. at 8.) They then state that several district courts in this Circuit have dismissed retaliation claims that were not included in an EEOC complaint. (*Id*. at 8-9 (citing *Ribis v. Mike Barnard Chevrolet-Cadillac*, 468 F. Supp. 2d 489 (W.D.N.Y. 2007); *Vandewater v. Canandaigua Nat'l Bank*, 2007 WL 210384 (W.D.N.Y. Jan. 26, 2007); *Foxworth v. Am. Bible Soc'y*, 2005 WL 1837504 (S.D.N.Y. July 28, 2005), *aff'd*, 2006 WL 1359931 (2d Cir. May 16, 2006); *Viruet v. Citizen Advise Bureau*, 2002 WL 1880731 (S.D.N.Y. Aug. 15, 2002); *Cooper v. Xerox Corp.*, 994 F. Supp. 429 (W.D.N.Y. 1998); *Gilani v. Nat'l Assoc. of Sec. Dealers, Inc.*, 1997 WL 473383 (S.D.N.Y. Aug. 19, 1997)).)

Because *Williams* is a Second Circuit decision, which is binding on this Court, we consider its applicability in this matter. *See Ades*, 843 F. Supp. at 892. In *Williams*, the Second Circuit did recognize that "[a] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the

charge that was made. . . . The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases." 458 F.3d at 70 (internal quotation marks and citations omitted). However, in a footnote after the first sentence quoted, the court also recognized that "[t]wo other types of claims are considered 'reasonably related' to a claim with the EEOC: (1) a claim 'alleging retaliation by an employer against an employee for filing an EEOC charge,' and (2) a claim where the plaintiff 'alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge.'" *Id.* (citing *Butts v. City of N.Y. Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir. 1993)). These three types of claims are laid out in *Alfano*, as we stated in our earlier Opinion. *Williams* addresses the first type of claim, therefore it is inapposite to the issue before us because plaintiff's claim is of the second type, a claim alleging retaliation for having filed an EEOC charge.

Defendants also point out that *Williams* held that the relationship between a retaliation claim in an EEOC complaint and a subsequently-articulated discrimination claim "is not based on a *per se* rule." (Defs. Mem. Supp. Mot. Recons. at 8 (citing *Williams*, 458 F.3d at 70.) But this holding is also inapposite to the facts at issue here. Plaintiff did not file an EEOC charge for retaliation and subsequently allege a claim of discrimination; he filed an EEOC charge for discrimination and subsequently alleged a claim of retaliation for filing that charge. The former scenario would be analyzed under *Williams* as a claim that may be reasonably related if the conduct complained of would fall within the scope of the EEOC investigation. *See Williams*, 458 F.3d at 71. The latter is considered under *Alfano* as a claim alleging retaliation by an employer against an employee for filing an EEOC charge, which is exactly our analysis in our earlier Opinion.

To the extent that the district court cases cited by defendants are not controlling law we need

7

not consider them. *See Ades*, 843 F. Supp. at 892. However, we note that even if we were to consider them, they are also not applicable here. In *Ribis*, the court expressly notes in a footnote that "[t]wo other types of 'reasonably related' claims–claims alleging retaliation by an employer against an employee for having filed an EEOC charge, and claims in which the plaintiff alleges further incidents of discrimination occurring after the filing of the EEOC charge, but carried out in precisely the same manner alleged in the EEOC charge, are clearly not present here." 468 F. Supp. 2d at 496 n.2 (internal quotation marks and citation omitted); *see Foxworth*, 2005 WL 1837504, at *10 (citing the three categories of reasonably related claims delineated in *Butts* and noting that "[o]nly the first category of 'reasonably related' claims is relevant to this case") (internal citation omitted); *Cooper*, 994 F. Supp. at 432 (determining that only the first circumstance in which subsequent conduct complained of can reasonably be expected to grow out of the charge of discrimination applied); *see also Vandewater*, 2007 WL 210384, at *1, 5 (denying plaintiff's motion to amend her complaint to include a claim that she was opposing sexual harassment by her employer when she filed her EEOC charge because nothing in her EEOC charge suggested that she opposed any unlawful practice by her employer); *Viruet*, 2002 WL 1880731, at *22 (holding plaintiff was precluded from asserting a retaliation claim because he brought the EEOC charge after he was fired, therefore his termination could not have been in retaliation for bringing the charge, and he did not assert a retaliation claim in his EEOC charge).[2]

---

[2] Defendants also argue in a footnote that "[s]everal federal circuit courts . . . outside the Second Circuit have applied *Morgan's* rationale to bar recovery for subsequent discrete acts of retaliation that were not 'reasonably related' to and that were not included in the EEOC filing." (Defs. Mem. Supp. Mot. Recons at 9, n.4.) However, defendants cite only one case, *Shelton v. Boeing Company*, 399 F.3d 909 (8th Cir. 2005.) Circuit decisions outside the Second Circuit are not controlling law and need not be considered on a motion for reconsideration. *See Ades*, 843 F. Supp. at 892. Moreover, even if we were to consider *Shelton*, it is also inapposite. In *Shelton*,

Defendants also cite *Gilani*, which in fact supports the conclusion we reached in our earlier Opinion. The court stated:

> According to [plaintiff], the [defendant's] decision to terminate his employment was influenced by a retaliatory motive to punish him for filing an EEOC charge. . . . Although [plaintiff] did not file a retaliatory discharge claim with the EEOC, another type of 'reasonably related' claim is one alleging retaliation by an employer for the filing of an EEOC charge. . . . The Second Circuit has relaxed the exhaustion requirement based on the close connection of a retaliatory act to both the initial discriminatory conduct and the filing of a timely charge itself. *See Butts*, 990 F.2d at 1402 (explaining that "requiring a plaintiff to file a second EEOC charge under these circumstances could have the perverse result of promoting employer retaliation in order to impose further costs on plaintiffs and delay the filing of civil actions relating to the underlying acts of discrimination."); Owens v. New York City Housing Authority, 934 F.2d 405, 410-411 (2d Cir.1991). Therefore, this Court has subject-matter jurisdiction over [plaintiff's] Title VII retaliatory discharge claims.

*Gilani*, 1997 WL 473383, at *9 (some internal citations omitted).

As defendants correctly state, plaintiff did not allege retaliation in his initial EEOC charge, nor did he file a subsequent charge alleging retaliation. But *Alfano* is still controlling and applicable law here and because the subsequent conduct plaintiff alleges involved retaliation for filing the EEOC charge, it is reasonably related to the conduct in the EEOC charge and we have jurisdiction over those claims. *See Alfano*, 294 F.3d at 381 (quoting *Butts*, 990 F.2d at 1402-03).

Although defendants offer what they consider "controlling law" that the Court failed to consider in its Opinion, *Williams* is not controlling on the facts before us. To the extent that defendants merely make the same arguments made in the first motion, which we already addressed

---

the plaintiff was not alleging retaliation for filing an EEOC charge; he was attempting to assert further discriminatory conduct that occurred after the specific time period of the discriminatory conduct alleged in his EEOC charge. *Id*. at 912. The Appeals Court upheld the district court's dismissal of plaintiff's claims, determining that neither defendant nor the EEOC was on actual notice that plaintiff was claiming additional acts of alleged age discrimination occurring after the date specified in his EEOC charge. *Id*. at 912-13.

9

in our Opinion, regarding the applicability of *Morgan*, that is not an appropriate ground for reconsideration. *See Briller v. Barnhart*, 2006 WL 118367, at *3 (S.D.N.Y. Jan. 16, 2006).

As defendants have proffered no legitimate reason for this Court to reconsider its April 7, 2008 Opinion, defendants' motion is denied.

## CONCLUSION

For all of the foregoing reasons, defendants' motion for reconsideration is denied.

SO ORDERED.

Dated: White Plains, New York
April 28, 2008

*[signature]*
Sr. United States District Judge